IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | Criminal No. – JFM-09-0297 |
| | * | |
| TYRONE MOORE | * | |

## **OPINION**

Defendant has filed a motion for new trial. The motion is not frivolous. It will, however, be denied.

The motion is based upon the fact that approximately six months after the trial was over, defendant's then counsel learned that a photograph of Larry Pollin admitted into evidence erroneously showed that Larry Pollin had short hair approximately one month after the carjacking for which defendant was convicted. In fact, Pollin had shoulder length dreadlocks at the time. The discovery of this fact was not insignificant because Pollin, who was a friend of defendant, was the first person observed in the stolen car, and arguably it was Pollin, not defendant, who was involved in the carjacking. The carjacker, however, had long dreadlocks, and the Government used the photograph of Pollin with short hair (including referring to it during rebuttal argument) as a ground for asserting that the carjacker could not have been Pollin.

That said, the discovery that the photograph introduced into evidence inaccurately portrayed Pollin as he appeared near the time of the carjacking does not provide a proper basis for a new trial.

I.

First, I find that the Government's presentation of the erroneous photograph of Pollin did not constitute a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). To the contrary, I find that the Government acted entirely in good faith. The reason that the erroneous photograph was produced in discovery by the Government and ultimately admitted into evidence was that the Harford County Detention Center (where the photograph was taken) followed a practice (that has now been changed) of having a new photograph of an inmate taken when an inmate had substantially changed his appearance. The new picture was then electronically inserted in the Detention Center database system, wiping out the previous photograph on the booking card that had been taken of the inmate. What happened here was that Pollin had substantially changed his appearance while he was at the Harford County Detention Center, and the photograph taken of him showing him with short hair was actually taken long after he first arrived at the Detention Center.

As defendant acknowledges, the United States Attorney's Office was completely unaware of the practice of the Harford County Detention Center when it produced and introduced into evidence the wrong photograph. Indeed, it is clear that the United States Attorney's Office acted in good faith in attempting to meet its *Brady* obligation by advising defense counsel, near the outset of the case, that Pollin was the first person who was observed in the stolen car after the carjacking.

Defendant contends, however, that Detective Brandon Underhill of the Harford County Sheriff's Office, falsely testified that the erroneous photograph matched his

2

recollection of how Pollin appeared around the time of the carjacking.[1]  In fact, while Detective Underhill did testify that he had seen Pollin with short hair, he also testified that he was not sure whether he had ever see Pollin with dreads.  Moreover, although it is true that Detective Underhill testified that he was familiar with Harford County's booking photo process, there is no evidence to suggest that Detective Underhill was aware of the unusual procedure followed by the Detention Center of substituting a new photograph for another photograph when an inmate substantially changed his appearance.  Likewise, there is no evidence to suggest that Detective Underhill was aware that the photograph that he was shown on the stand was not taken when Pollin was first arrested but a substantial time thereafter after he had cut off his dreadlocks.  I find that the Government's characterization of Detective Underhill as "a precise, deliberate witness who acknowledged on several occasions that there were limits to his recollection" (Gvt. Opp., at 18) is correct, and I do not find that Detective Overhill was attempting to suppress any evidence when he testified.  He was an entirely credible witness and told the truth as he recalled it.

II.

Even if (as I find) no *Brady* violation occurred, defendant is entitled to a new trial if (1) the evidence in question was, in fact, newly discovered (2) facts are alleged from which the court may infer due diligence on the part of Moore; (3) the evidence relied upon is not merely cumulative or impeaching; (4) the evidence is material to the issues

---

[1] The Government contends that Detective Underhill should not be considered part of the prosecution team and that therefore even if he testified falsely, no *Brady* violation occurred.  I do not accept this contention.  This prosecution arose from a joint investigation conducted by the Harford County Sheriff's Office and federal law enforcement officials, and if (contrary to what I find) Detective Underhill falsely testified, I would attribute his false testimony to the Government.

3

involved; and (5) the evidence probably would result in acquittal at a new trial. *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989).

In my judgment the evidence upon which the motion for new trial is based – the photograph of Pollin with dreadlocks – was newly discovered. The Government contends that the relevant evidence is the fact that Pollin in fact had dreadlocks and that this fact was well known to Moore who could have called various witnesses to so testify. That testimony, however, would have been strongly impeachable because it would have come from acquaintances of Moore and would have been refuted by the photograph produced by the Government showing that Pollin had short hair near the time of the carjacking.

I also find that Moore's then counsel acted with due diligence. It is true, as the Government contends, that it was not until after the trial that defense counsel contacted Pollin's defense counsel in the Harford County case and obtained a copy of the photograph of Pollin with short hair.[2] However, the record makes clear that defense counsel made pre-trial requests of the Government for information regarding photographs of Pollin and sought surveillance photographs taken during an undercover narcotics investigation involving Pollin with the hope that these photographs would assist in establishing that Pollin had dreadlocks at the time the carjacking occurred. Defense counsel also cross-examined Detective Underhill as to his recollection of Pollin's appearance. While it is true that defense counsel did not call witnesses to establish that Pollin had dreadlocks at the time of the carjacking, as indicated above, that testimony was

---

[2] It was defense counsel's discovery of this photograph that ultimately led to the Government's discovery of the Harford County Detention Center procedure that resulted in the production of the erroneous photograph of Pollin with short hair.

4

strongly impeachable, particularly in light of the photograph introduced by the Government into evidence.

I further find that the photograph showing Pollin with dreadlocks was "not merely cumulative or impeaching." It is true, as the Government contends, that Pollin, at 5 feet 9 inches or 5 feet 10 inches and 150 pounds, was larger than Moore, who is 5 feet 8 inches or 5 feet 9 inches and 120 pounds. Nevertheless, the eyewitnesses to the carjacking described the carjacker as having a slim build, and a person 5 feet 10 inches and 150 pounds might be said to meet that description. Further, although, as also contended by the Government, Pollin's shoulder-length dreadlocks were much longer than the short dreadlocks of the carjacker as described by one of the eyewitnesses and Pollin's and Moore's facial features do not particularly resemble each other, the photograph of Pollin unquestionably would have given defense counsel a strong basis for cross-examining the eyewitnesses more vigorously. The same is true as to the fact that the eyewitnesses' identifications of Moore as the carjacker depended in large part upon the appearance of the carjacker's eyes. Of course, to some degree use of the photograph on cross-examination would have constituted "impeachment." However, the identity of the carjacker was the central issue in the case and, aside from its impeachment value, the photograph arguably was independent, free-standing evidence that Pollin was the carjacker.

Where I find that Moore's argument fails is on the materiality element of the *Chavis* test. Moore chose to put on a defense that he could not have committed the carjacking because he was present at a violent incident that occurred at another location when the carjacking occurred. Although a photograph suggesting that Pollin, not Moore,

5

might have committed the carjacking was tangentially relevant to the defense, the fact of the matter is that the defense was entirely unconvincing, as was Moore's contention, based upon false testimony that he produced, that it was a junkie who committed the carjacking. If Moore had not made the decision to present this fabricated defense, I would grant him the new trial he requests. However, he must bear the consequences of his own decision. Because he chose to present a defense based on perjured testimony, I will not permit him to have another opportunity to obtain an acquittal because of the innocent error that was made by the production of an erroneous photograph to him.[3]

A separate order denying Moore's motion for a new trial is being entered herewith.


Date: August 25, 2011                    __/s/_____
                                         J. Frederick Motz
                                         United States District Judge

---

[3] Because I find that Moore has not met the materiality element of the *Chavis* test, I need not decide whether a photograph of Pollin with short hair probably would have resulted in acquittal at a new trial.